ELLIS, Judge:
These two consolidated cases arise out of a gas explosion in which Mrs. Anita Young suffered injuries which caused her death, and Claude Lee Gatlin was injured. In the first case the plaintiffs are Otis Young and Willie Ray Brumfield, Mrs. Young’s children, who sue for damages arising from Mrs. Young’s personal injuries as well as damages resulting from her wrongful death. In the second case, Mr. Gatlin sues for damages resulting from his personal injuries.
Defendants in both cases are the Town of Franklinton and T. J. Butler. After trial on the merits, judgment was rendered in favor of plaintiff in each case and against the Town of Franklinton. The suits were dismissed as against Mr. Butler. Plaintiffs have appealed in each case, alleging that the damages awarded are inadequate. The Town of Franklinton has answered the appeal, contesting its liability and alleging that the damages awarded were excessive.
T. J. Butler was the owner of a house at 1319 Alford Street in Franklinton, which he agreed to rent to Mrs. Young. After a previous tenant moved out, Mr. Butler had some repair work done, and then had the house nailed shut. Mrs. Young moved in without his knowledge some time prior to July 31, 1976. Shortly before that time, Mrs. Young’s niece called the Town to have the gas turned on. On July 21, 1976, Delbert Hodges and Abel Smith, employees of the Town of Franklinton, went to the house to turn on the gas and water. Mr. Smith first checked the house, as required by the policies of the Town, and found two uncapped gas lines. Mr. Smith told a carpenter and Mrs. Young’s niece about the uncapped pipes, and the meter was left sealed so that the gas could not be turned on.
On July 23, 1976, Mr. Smith and Mr. Hodges were instructed to return to the house and remove the seal from the meter. They did this without performing any further inspection of the house to see if the two pipes had been capped. The seal was removed, but the gas was not turned on.
On the evening of July 31, 1976, Mr. Gatlin went to the house. He knocked on the door and Mrs. Young answered. While they were talking, Mrs. Young lit a cigarette, and the explosion took place. Mrs. Young was severely burned, and eventually died of her injuries. Mr. Gatlin was knocked down by the force of the explosion. He testified that he was burned on the left side at that time. He then went into the house and brought Mrs. Young out, and apparently suffered his other injuries at that time.
We find that the trial court correctly resolved the issue of the negligence of the *1392 Town of Franklinton. Although it notified the lessee of the uncapped pipes, so that she was apprised of the existence of a dangerous situation, it failed in a further duty, when it removed the safety clip without first ascertaining if the pipes had been properly hooked up or capped. See Surry v. Arkansas Louisiana Gas Company, 170 So.2d 133 (La.App. 2nd Cir. 1964).
The record is devoid of any evidence as to the circumstances surrounding the order to remove the safety clip. Since a kitchen stove was hooked up to one of the uncapped outlets by a man named Bell, it may be that he requested the removal of the clip without Mrs. Young’s knowledge, or that Mrs. Young was advised that it was safe to turn on the gas.
The testimony is conflicting as to whether there was a noticeable smell of gas at the time of the explosion. The trial judge resolved the conflict in favor of plaintiffs, and we find no manifest error in his finding in this respect. The record, therefore, does not support a finding of contributory negligence on Mrs. Young’s part.
On the question of quantum, the record shows that Mrs. Young received second degree, and possibly some third degree, burns over 50 per cent of her arms and legs, and on her face and upper thorax. She was hospitalized and treated at Charity Hospital in New Orleans, and did well until the latter part of August, when she began to decline. She died on September 11,1976, of congestive heart failure. The hospital record, particularly the nurses’ notes, do not indicate that Mrs. Young was in great pain, and she was sedated for most of her stay in the hospital. We see no support for plaintiffs’ claim that she was in “excruciating pain” during that time. We therefore find no error in the award of $25,000.00 for her pain and suffering.
Mrs. Young’s two adult sons were awarded $5,000.00 each for the loss of their mother. The record shows that over the years she had lived with them at times, and had stayed in constant touch. There seems to have been a strong bond of affection between them. We think the lowest award that could have been made with propriety under the circumstances of this case to be $10,000.00 for each son, and the judgment will be amended accordingly.
Mr. Gatlin suffered second degree burns to 15 per cent of both arms and to his face. He was hospitalized and treated in Charity Hospital in New Orleans until August 30,1976, when he was discharged. He has residual scarring and skin discoloration on both arms and on his upper back, and loss of pigmentation of the skin of his right hand. For his pain and suffering, and the residual scarring, the trial court awarded $8,500.00. The hospital record does not support the claim of “excruciating pain” made by Mr. Gatlin, but it appears clear that he did suffer, and that he is somewhat disfigured for life. We think the lowest award that should have been made is $15,000.00, and the judgment will be amended accordingly-
The judgment appealed from is therefore amended so as to increase the awards to Otis Young and Willie Ray Brumfield for the loss of their mother to the sum of $10,000.00 each; and to increase the award for general damages to Claude Lee Gatlin to $15,000.00, and, as amended, it is affirmed, at the cost of the Town of Franklin-ton.
AMENDED AND AFFIRMED.